UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AF HOLDINGS LLC,<br><br>                Plaintiff,<br>    v.<br><br>JOHN DOE,<br><br>                Defendant. | Case No.: 12-CV-02394-LHK<br><br>ORDER TO SHOW CAUSE |

The Complaint in this case was filed approximately 7 months ago on May 10, 2012. Plaintiff identified the Defendant as John Doe.

On September 19, 2012, Plaintiff filed a Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference in order to discover the name of the John Doe Defendant. ECF No. 14. Magistrate Judge Grewal granted Plaintiff's motion on October 2, 2012. ECF No. 17. Judge Grewal's order allowed Plaintiff to immediately serve a subpoena on Doe's ISP to obtain information sufficient to identify Doe, including name, address, telephone number, and email address. *Id.* at 2. The order gave the ISP 30 days to serve Doe and gave both the ISP and Doe 30 days from the date of service in which to object to the subpoena. *Id.* at 2-3. If both Doe and the ISP failed to object, the ISP was required to produce, within 10 days, the information responsive to the subpoena to Plaintiff. *Id.* Thus, under Judge Grewal's order, Plaintiff should have received the

1

information sought by the subpoena within 70 days of October 2, 2012. 70 days from October 2, 2012 is December 11, 2012.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 day after it files the complaint. A court must dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m), unless the plaintiff shows good cause for its failure to serve defendant. Fed. R. Civ. P. 4(m). 346 days have passed since the filing of the original complaint, and 31 days have passed since December 11, 2012, the date by which Plaintiff should have received the information sought by its subpoena. Nevertheless, Plaintiff has not amended the pleadings to identify the Doe Defendant nor has Plaintiff served Defendant.

In Plaintiff's most recent case management statement, Plaintiff states that the ISP has not yet provided the identifying information for the Doe Defendant and that Plaintiff may bring a motion to compel the ISP to provide such information. ECF No. 25 at 2. However, notwithstanding the fact that the ISP was required to respond in December 2012, as of today's date, Plaintiff has not brought a motion and states that it does not intend to bring a motion until February 13, 2012 (three months after the ISP was required to respond to Plaintiff's subpoena). Accordingly, the Court ORDERS Plaintiff to show cause why this action should not be dismissed for failure to serve the Doe Defendant as required by Rule 4(m) by January 18, 2013. *See, e.g.*, Patrick Collins Inc. v. Does 1-1219, No. 10-04468-LB (N.D. Cal. Aug. 29, 2011) (Beeler, M.J.) (issuing order to show cause). The Court will hold a hearing on Plaintiff's response on January 23, 2013, at 2:00 p.m.

Plaintiff's case management conference set for January 16, 2013 is VACATED. Accordingly, the Court DENIES as moot Plaintiff's request for a continuance of the January 16 case management conference. ECF No. 26.

**IT IS SO ORDERED.**

Dated: January 11, 2013

_____
LUCY H. KOH
United States District Judge

2

Case No.: 12-CV-02394
ORDER TO SHOW CAUSE